UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEMYON KHAZIN,<br><br>            Plaintiff,<br><br>v.<br><br>OLEG ASHKANAZI and GENNADY DORODANSKY,<br><br>            Defendants. | Civil No. 11cv260 L(BGS)<br><br>**ORDER DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION WITH LEAVE TO AMEND** |

    Plaintiff filed this action on February 8, 2011, alleging three state-law causes of action against two individual defendants and the Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a)(1). Because plaintiff has not adequately alleged subject matter jurisdiction, the action is **DISMISSED WITH LEAVE TO AMEND**.

    The federal court is one of limited jurisdiction. *See Gould v. Mutual Life Ins. Co. of N.Y.*, 790 F.2d 769, 774 (9th Cir. 1986). It possesses only that power authorized by the Constitution or a statute. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). It is constitutionally required to raise issues related to federal subject matter jurisdiction and may do so *sua sponte*. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-94 (1998); *see Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990). A federal court must satisfy itself of its jurisdiction over the subject matter before proceeding to the merits of the case. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577, 583 (1999).

The plaintiff bears the burden of demonstrating that jurisdiction is properly before the court. *See Thornhill Publ'g Co. v. General Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). The complaint must affirmatively allege the state of citizenship of each party. *Bautista v. Pan Am. World Airlines, Inc.*, 828 F.2d 546, 551 (9th Cir. 1987); *see also Kanter v. Warner-Lambert, Co.*, 265 F.3d 853 (9th Cir. 2001). Diversity jurisdiction requires complete diversity of citizenship, with each plaintiff being a citizen of a different state from each defendant. 28 U.S.C. § 1332(a)(1); *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001)

Here plaintiff states he resides in California; defendant Borodansky resides in New York and defendant Oleg Ashkanazi resides in California. Because plaintiff and defendant Ashkanazi reside in California, the complaint does not allege the facts necessary to establish diversity as required by 28 U.S.C. §1332. Accordingly, the complaint is dismissed for lack of subject matter jurisdiction. Pursuant to 28 U.S.C. §1653, plaintiff is granted leave to file an amended complaint to allege subject matter jurisdiction if possible. If plaintiff chooses to file an amended complaint, he must do so no later than **February 25, 2011**.

**IT IS SO ORDERED.**

DATED: February 14, 2011

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. BERNARD G. SKOMAL
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL